# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNIE LEE SAVORY, | ) | |
| | ) | Case No. 17 C 204 |
| *Plaintiff*, | ) | |
| | ) | Hon. Gary Feinerman, |
| *v.* | ) | District Judge |
| | ) | |
| CHARLES CANNON, *et al.*, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | ) | |

## UNOPPOSED MOTION TO APPOINT
## AND SUBSTITUTE A SPECIAL REPRESENTATIVE

Plaintiff JOHNNIE LEE SAVORY, by his attorneys, respectfully moves this Court to appoint a special representative to defend this action as representative of deceased Defendants Russell Buck, Peter Gerontes, John Timmes, and to substitute that special representative, pursuant to Federal Rule of Civil Procedure 25, stating as follows:

1. Plaintiff filed this lawsuit on January 11, 2017, alleging that various officers of the Peoria Police Department caused him to be wrongly convicted of a January 1977 double murder and incarcerated for decades as a result. *See generally* Complaint, Doc. No. 1. All Defendants have appeared, with the exception of Russell Buck, Peter Gerontes, John Timmes, Dennis Jenkins, and Edward Haynes. An initial status hearing is set for March 15, 2017, Doc. No. 6, and responsive pleadings are due on April 7, 2017, Doc. No. 32.

2. Plaintiff learned recently that Defendants Buck, Gerontes, Timmes, and Jenkins are no longer living.[1] Plaintiff was informed that these Defendants were deceased after filing the

---

[1] Based on investigation thus far, it appears that Defendant Haynes is living, but he has not been found. The parties are working cooperatively to locate and serve Defendant Haynes.

Complaint. Attorneys for the City of Peoria and the individual Defendants who have appeared have filed suggestions of death for these Defendants. Doc. Nos. 29, 30, 31, 37.[2]

3. Plaintiff's attorneys have been unable to locate an estate being opened at any time for Defendants Buck, Gerontes, or Timmes.[3] Plaintiff's attorneys have conferred with the attorneys for the City of Peoria and the individual Defendants who have appeared in the case, and those attorneys also do not know of any estate being opened for Defendants Buck, Gerontes, or Timmes following their deaths.

4. Federal district courts in Illinois have the power to appoint special administrators consistent with Illinois law. *Stewart v. Special Administrator of the Estate of Mesrobian*, 559 Fed. App'x 543, 548 (7th Cir. 2014) (recognizing this power); *Anderson v. Romero*, 42 F.3d 1121, 1124-25 (7th Cir. 1994) (appointing attorneys as special administrators after death of a plaintiff); *see also Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) ("42 U.S.C. § 1988 authorizes us to borrow provisions of state law where necessary to provide a complete remedy in a suit under 42 U.S.C. § 1983.").

5. Illinois provides for the appointment of a special representative for purposes of defending an action that survives a defendant's death. 735 ILCS 5/13-209(b)(2); *see also* 735

---

[2] The attorneys for City of Peoria and those Defendants who have appeared will represent the successors in interest to Defendants Buck, Gerontes, or Timmes in this lawsuit. They will also represent Defendant Haynes, once he is located and served. Those attorneys will not, however, represent the successors in interest to Defendant Jenkins. The status of Defendant Jenkins will be the subject of a separate motion.

[3] Defendant Buck died on September 2, 2008, in Peoria County, Illinois. Doc. No. 29; Russell Buck, Obituary, http://www.legacy.com/obituaries/pjstar/obituary.aspx?n=russell-buck&pid=116917293. There are no court filings under Defendant Buck's name in the Circuit Court of Peoria County.

Defendant Gerontes died on October 7, 2015, in Peoria County. Doc. No. 30; Peter Gerontes, Obituary, http://www.legacy.com/obituaries/pjstar/obituary.aspx?n=peter-gerontes&pid=176059067&fhid=14962. There are no court filings under Defendant Gerontes's name in the Circuit Court of Peoria County.

Defendant Timmes died on July 27, 2015, in Peoria County, Illinois. Doc. No. 31; http://www.legacy.com/obituaries/pjstar/obituary.aspx?pid=175397414. Though a will was filed in Defendant Timmes's name under Peoria County case number 15-W-00490, it appears that no further action was taken and no estate was opened.

ILCS 5/2-1008(b)(2); *Relf v. Shatayeva*, 998 N.E.2d 18 (Ill. 2013) (discussing the procedure for appointing a special representative). The constitutional and state-law claims alleged by Plaintiff survive the deaths of Defendants Buck, Gerontes, and Timmes. *E.g.*, *Hicks v. Young*, 2012 WL 1755735, at *1-2 (N.D. Ill. May 15, 2012). Courts in this district have appointed special representatives in these circumstances. *See Starks v. Waukegan, et al.*, No. 09 C 348 (N.D. Ill. Jan. 15, 2014), Doc. No. 208 (Order Appointing Special Administrator); *see also Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) (appointing city clerk as special representative for deceased defendants in wrongful conviction case); *Hicks*, 2012 WL 1755735, at *1-2 (appointing spouse in representative capacity); *Tamburo v. Dworkin*, 2012 WL 10454, at *3-4 (N.D. Ill. 2012) (discussing appointment of special representative under Illinois law).

6. This Court should appoint a special representative so that this action can be maintained against Defendants Buck, Gerontes, and Timmes. That special representative need not be an heir of any of the decedents. In fact, given that all Defendants are sued in this case in connection with their police work, given that the same attorneys are likely to represent all current and former members of the Peoria Police Department as this cases proceeds, and given that Illinois law requires municipalities to indemnify judgments of their officers, it makes sense to appoint an official, such as the City Clerk of Peoria, to serve as special representative of Defendants Buck, Gerontes, and Timmes in this case. *See Rivera*, 974 F. Supp. 2d at 1199. The current City Clerk of Peoria is Beth Ball.

7. Federal Rule of Civil Procedure 25 provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." A motion to substitute must be brought within 90 days of service of the suggestion of death upon the parties and

3

interested nonparties. *Atkins v. City of Chicago*, 547 F.3d 869, 871-74 (7th Cir. 2008).[4] Once appointed, the special administrator will be a proper party, and Plaintiff respectfully requests that the Court substitute the appointed special administrator for Defendants Buck, Gerontes, and Timmes.

8. Should the Court grant Plaintiff's motion, Plaintiff will promptly comply with all Illinois law requirements governing the substitution of a special representative in civil litigation. Specifically, following the appointment of a special representative and substitution of that special representative in the case, Plaintiff will file "an amended complaint, substituting the personal representative as defendant" and will act "with reasonable diligence to serve process upon the personal representative." 735 ILCS 5/13-209(c)(1)&(2).

9. Finally, because the Seventh Circuit holds that interested nonparties must be served with both the suggestion of death and a motion to substitute, *Atkins*, 547 F.3d at 873-74, Plaintiff intends to serve a copy of this motion, the suggestion of death, and the complaint in the case on the surviving next of kin of Defendants Buck, Gerontes, and Timmes, as outlined in the certificate of service to this motion.

10. Plaintiff's counsel has conferred about this motion with counsel for Defendant City of Peoria and individual Defendants who have appeared, and these Defendants' counsel have advised that they do not oppose the relief sought in this motion.

11. Plaintiff has agreed that this motion will not waive Defendants' right to file a motion challenging venue.

---

[4] The suggestions of death filed in this case were served on the parties but not on interested nonparties, *see* Doc. Nos. 29, 30, 31, 37, and so the clock to substitute is not yet running. However, given that it is important to have all parties at the table at the start of the case, Plaintiff will serve interested nonparties with all required papers.

WHEREFORE, Plaintiff respectfully requests that the Court appoint the City Clerk of Peoria, Beth Ball, as special representative for the purpose of defending Plaintiff's claims against Russell Buck, Peter Gerontes, and John Timmes, and substitute the special representative pursuant to Rule 25.

            RESPECTFULLY SUBMITTED,

            **JOHNNIE LEE SAVORY**

       BY**:** /s/ Steven Art
           *One of Plaintiff's Attorneys*

Jon Loevy
Steven Art
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com

Flint Taylor
John Stainthorp
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, Illinois 60642
(773) 235-0070

Locke Bowman
Alexa Van Brunt
MACARTHUR JUSTICE CENTER
375 E. Chicago Ave., 8th Floor
Chicago, Illinois 60611
(312) 503-1271

# **CERTIFICATE OF SERVICE**

I, Steven Art, an attorney, hereby certify that on March 8, 2017, I filed the forgoing UNOPPOSED MOTION TO APPOINT AND SUBSTITUTE A SPECIAL REPRESENTATIVE using the Court's CM/ECF system, which effected service on all counsel of record listed below. In addition, on March 8, 2017, I prepared copies of the forgoing MOTION TO APPOINT AND SUBSTITUTE A SPECIAL REPRESENTATIVE, as well as copies of the suggestions of death and complaint filed in this case, for personal, in-hand service on the nonparty next of kin of Russell Buck, Peter Gerontes, and John Timmes. I will file additional proof of service with the Court once service of the nonparties is complete.

*Counsel for Defendants*
James Sotos
John Timbo
Thomas Downing
THE SOTOS LAW FIRM, P.C.
550 E. Devon Ave., Suite 150
Itasca, IL 60143
jtimbo@jsotoslaw.com