IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNIE LEE SAVORY, | ) | |
| | ) | Case No. 17 C 204 |
| *Plaintiff*, | ) | |
| | ) | Hon. Gary Feinerman, |
| *v.* | ) | District Judge |
| | ) | |
| CHARLES CANNON, *et al.*, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | ) | |

## [PROPOSED] DISCOVERY PLAN FOR ELECTRONICALLY STORED INFORMATION

Pursuant to Federal Rule of Civil Procedure 26, the Court hereby enters the following plan to govern the search and production of electronically stored information ("ESI") in this matter.

**SCOPE**

1. The ESI Discovery Plan shall govern the production of ESI, as described in Federal Rules of Civil Procedure 26, 33, and 34.

2. The Parties identify email communications and email attachments to be the categories of ESI most relevant to the Parties' claims or defenses in this matter. This categorical identification is not intended as an exhaustive list of potential materials and shall not be construed to waive a party's right to request additional ESI, or any party's right to object to production.

3. The collection of ESI by the Parties shall be done in a single collection and produced no later than 30 days after agreement is reached on this Discovery Plan, or other alternative date agreed to by the parties.

**SEARCHING**

1. Defendant City of Peoria will conduct city-wide searches of emails for the time period of 2013 through present. It should be noted that prior to September 1, 2014, the City of Peoria

did not retain emails and/or their attachments so it is believed there are no email communications pertaining to this litigation prior to this date. Defendant City of Peoria will also search (1) the Microsoft OneDrive for each Defendant, (2) the Microsoft SharePoint site for each and every department involved in the investigation of the Robinson/Cooper homicide or the prosecution of Plaintiff; and (3) the local drive of each of the Defendant's work stations and each attached hard drive. The Individual Defendants will search all of their work email addresses for any employment outside of the City of Peoria and all of their personal email addresses without temporal limitation. The following terms will be searched:

- Savory
- "James Robinson"
- "Connie Cooper"
- "Corey Cooper"
- "William Cooper"
- "Austin Erving"
- "Austin Leslie Erving"
- "Noyalee Robinson"
- "William Peter Douglas"
- "William Douglas"
- "Kenny Parker"
- "Kenneth Parker"
- "Kenneth Snodie"
- "Charles Watts"
- "Charles Garnett Watts"
- "Curtis Spence"
- "Martha Alexander"
- "Frank Ivy"
- "Tina Ivy"
- "Ella Ivy"
- "Ivys"
- "Ivy"
- "Rowbottom"
- "Ed Shay"
- "Dennis K. Jenkins"
- "Edward Bowers"
- "3033 W. Garden"
- "Smolley"
- "Charles Peters"
- "Percy Baker"
- "Gregg McCrary"

- "Robert Gonsowski"
- "Ardrella Covington"
- "Ava Brown Covington"
- "Danny Covington"
- "Octavia Burchett"
- "Ray Mason"
- "Barbara Mason"
- "Marva Jones"
- "Scopie"

2. Plaintiff will search all of his personal and work email addresses with the following search terms without temporal limitation:

- "James Robinson"
- "Scopie"
- "Connie Cooper"
- "Corey Cooper"
- "Marcella Teplitz"
- "Charles Cannon"
- "John Fiers"
- "Ed Haynes"
- "Charles Bowers"
- "John Stenson"
- "George Pinkney"
- "Walter Jatkowski"
- "Glen Perkins"
- "Alan Andrews"
- "Harold Marteness"
- "Mary Ann Dunlavey"
- "Carl Tiarks"
- "Ella Ivy"
- "Tina Ivy"
- "Frank Ivy"
- "Ivys"
- "Noyalee Robinson"
- "William Cooper"
- "William Peter Douglas"
- "Kenny Parker"
- "Charles Watts"
- "Curtis Spence"
- "Georgia Smolley"
- "Albert Smolley"
- "Charles Peters"
- "Percy Baker"
- "Juan Rivera"
- "Terrill Swift"

3

- "Alan Beaman"
- "Marcus Lyons"
- "Daniel Taylor"
- "Gregg McCrary"
- "Robert Gosnowski"
- "Robert Warden"
- "Ardrella Covington"
- "Ava Brown Covington"
- "Danny Covington"
- "Octavia Burchett"
- "fingernail clippings" within same paragraph as "missing" "destroyed" "Connie Cooper" "Scopie" or "James Robinson"
- "hairs" within same paragraph as "missing" "destroyed" "Connie Cooper" "Scopie" or "James Robinson"
- "blue pants" within same paragraph as "missing" "destroyed" "YT" "blood" or "Connie Cooper"

   3. If the number of emails identified through the search for any of the terms identified in this Discovery Plan is unreasonably large in the opinion of either Defense or Plaintiff's counsel, counsel for the Parties will discuss the search terms in an effort to reach agreement on what constitutes a reasonable number of results and to reduce the results to that number. If the Parties are unable to reach agreement on what number of results is reasonable, or on a supplemental, limiting or alternative search term to reduce the number of results, the Parties may submit the matter to the Court. If the Parties agree to a supplemental, limiting or alternative search term, that term will appropriately be incorporated into Section B (1) or (2) of the Discovery Plan.

   4. Attorneys for the Parties will maintain a detailed log of all drives, servers, accounts, and devices searched for ESI according to this Discovery Plan, along with the particulars of the methods and/or search terms used for those searches, and will make that log available upon request.

**PRODUCTION FORMAT**

1. ESI derived from email will be produced as Bates-labeled files in Portable Document Format (pdf).

2. Each Party reserves the right to object to production of documents in the format specified herein to the extent that production in such format is impracticable or unreasonably burdensome or expensive.

3. Each Party reserves the right to request native files for documents that are difficult to understand after they have been produced in the format specified herein or that contain potentially relevant embedded information, and such requests will not be unreasonably denied. Such a request shall be made according to the following protocol:

    a. The requesting Party shall make any such request as soon as reasonably practical after receiving a document production.

    b. The requesting Party shall provide a list of Bates numbers of the documents that it is requesting to be produced in native file format.

    c. Within fourteen (14) days of receiving this request, the producing Party will either (i) produce the requested native files to the extent reasonably practicable, or (ii) respond in writing, setting forth its position on the production of the requested documents.

    d. If the Parties are unable to agree as to the production of the requested documents in native format, the Parties may submit the matter to the Court.

**PRIVILEGE**

1. Parties shall produce responsive ESI (e.g., ESI that is responsive to a Party's discovery requests). Any responsive ESI that a producing party deems is protected from disclosure by privilege shall be logged into a privilege log which identifies: (A) the Custodian of the ESI; (b)

the date of its creation; (c) a description of the type of ESI; (d) all recipients; (e) sufficient information to assess the invocation of the privilege; and (f) the privilege(s) which the producing party contends protects the ESI from disclosure.

2. Parties shall not be required to include in a privilege log communications between a Party/Parties and his/her attorney that do not include any other individuals or entities.

3. Nothing in this Discovery Plan shall be interpreted to require disclosure of relevant information protected by the attorney-client privilege, work product doctrine or any other applicable privilege or immunity. The Parties do not waive any objections as to the search for, or production, discoverability, admissibility, or confidentiality of documents and ESI.

 

_____
Honorable Gary Feinerman
United States District Judge